UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TYRONE LAMONT WALLER, #0007767,

    Petitioner,

v.

    CIVIL ACTION NO. 2:09cv442

GENE M. JOHNSON,
Director, Virginia Department of
Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge[1] pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner, Tyrone Lamont Waller ("Waller"), is presently incarcerated at the Hampton Roads Regional Jail, serving an active sentence of 3 years with an additional 12 years suspended, following his conviction in the Circuit Court for the City of Newport News on charges of cocaine possession, and possession of a firearm by a convicted felon. Waller entered a conditional guilty

---

[1] The petition was originally referred by a United States District Judge to United States Magistrate Judge James E. Bradberry. As a result of Judge Bradberry's retirement, the matter was reassigned to United States Magistrate Judge Douglas E. Miller, his duly appointed successor.

1

plea to the charges after the Circuit Court denied motions to suppress evidence of his statements made to arresting officers, and contraband obtained during a search of his mother's residence.

Prior to the plea, the trial court heard evidence and argument on both of Waller's motions to suppress.[2] At the hearing, Waller asserted that the search of his mother's residence, where he also resided, was improper. The evidence established that police searched the residence three times – first, during a protective sweep of the premises (Tr. at 12, 34), to ensure the safety of the arresting officers; a second search after obtaining permission from Waller's mother (Tr. at 57); and a third search pursuant to a warrant issued by a magistrate. (Tr. at 48).

The trial court concluded that the first search was improper, as the police had arrested Waller outside the residence and had no basis to protectively search the home after he was in custody. (Tr. at 153-54). The evidence Waller sought to exclude, however, was obtained by police during the second search, pursuant to his mother's consent. (Tr. at 155). With regard to this search the trial court heard conflicting testimony from Waller, his mother, and the arresting officers. Waller argued that his mother's consent to the search had been coerced by officers' threats to prosecute her on charges related to a gun and drugs Waller claimed were recovered during the first search. (Tr. at 100, 134). The

---

[2] The transcripts of the hearing which occurred on October 22 - 23, 2007 were submitted to this Court in connection with this habeas review, and are cited as (Tr. at ___).

2

officers denied threatening Ms. Waller, and stated that the gun had been recovered after the consensual search and not during the protective sweep of the premises. (Tr. at 28, 47, 57). The trial court resolved the conflicts in this testimony in favor of the officers and ruled the second search proper. (Tr. at 155). In doing so, the trial judge had the opportunity to hear all of the witnesses, and to evaluate their credibility.

Separately from his challenge to the seized evidence, Waller also sought to suppress statements he made to officers which linked him to the gun recovered from the residence. Waller claimed his statements were coerced by the officers' threats to prosecute his mother if he did not admit to owning the contraband. (Tr. at 81-83)

The officers involved testified that they described consequences which might flow from the recovered property, but denied expressly threatening Waller with his mother's prosecution (Tr. at 31), and denied Waller's suggestion that his statements were coerced. (Tr. at 11, 15-16). The officers also testified that Waller provided details concerning the gun, including its exact make (Highpoint) and caliber (.40) which the officers had not disclosed to him. (Tr. at 16). The trial judge ruled Waller's statements were not coerced and denied his motion to suppress. (Tr. 177-180).

Immediately prior to entering his guilty plea, Waller's counsel moved the court to reconsider both pretrial rulings and reviewed in detail the prepared transcript of the original

3

evidentiary hearing.[3] The judge again denied the motions, reserving Waller's right to appeal on that ground.

Waller appealed his conviction to the Virginia Court of Appeals, asserting error in both of the trial court's pretrial rulings. The Court of Appeals refused the petition with respect to the Fifth Amendment claims, ruling that the trial court did not err in failing to suppress Waller's voluntary statements. *Waller v. Commonwealth*, Record No. 3073-07-1 (Ct. App. Va. July 11, 2008) (unpublished) (*per curiam*). The court awarded Waller an appeal on the Fourth Amendment claims related to the officer's search of his mother's residence and the trial court's denial of his motion to suppress the resulting evidence.

In an unpublished written opinion issued March 4, 2009, the Court of Appeals affirmed Waller's conviction. *Waller v. Commonwealth*, Record No. 3073-07-1 (Ct. App. Va. March 4, 2009) (unpublished). The court again reviewed the conflicting evidence concerning the officer's search of the residence and concluded that substantial evidence supported the trial court's finding that Waller's mother consented to the search, and that her consent was not coerced by any statements of officers involved. (*Id.* at 4). Waller then filed a petition for appeal on both issues to the Supreme Court of Virginia, which was refused on August 5, 2009.

Following his direct appeal, Waller filed this federal habeas petition. After preliminary procedural orders, the petition was served on the respondent who filed a Rule 5 Answer and motion to

---

[3] The sentencing transcript was also provided to this Court for review, but contains only argument of counsel and no new evidence.

4

dismiss. Waller replied to the motion but failed to certify service of his response on the Director. By order entered January 27, 2010, Waller was ordered to resubmit his papers with a proper certificate. On February 2, 2010, Waller submitted a one page certificate asserting the original response had been mailed to the Director, and the matter is now ripe for review.

His petition alleges four grounds for relief:

1. The trial court violated Waller's Fourth Amendment rights by failing to suppress evidence resulting from a search of his mother's residence.

2. The trial court violated Waller's constitutional rights in failing to suppress his statements to officers as involuntary and coerced by the officers' threat of incarcerating his mother.

3. The trial court erred in failing to suppress evidence found during an initial protective sweep of the residence prior to the consensual search.

4. The search of his mother's residence, without a warrant, was presumptively unreasonable.

Waller's four claims all relate to alleged constitutional errors by the trial court in failing to suppress evidence prior to his conditional guilty plea. Only two of these four claims, Claims 1 and 2, were presented in Waller's direct appeal. The remaining claims were not presented on direct appeal, nor raised in state habeas proceedings. As a result, claims 3 and 4 are not exhausted, however, as more specifically set forth below, Waller's

5

failure to exhaust does not require dismissal without prejudice, as the claims are both exhausted and procedurally defaulted. The court will address the claims in turn.

1. **Waller had a full and fair opportunity to litigate his Fourth Amendment claims in state court.**

Waller's first ground for relief alleges that the arresting officers violated his Fourth Amendment rights by searching the residence he shared with his mother without a warrant or consent. Waller's direct appeal to the Court of Appeals was based on this alleged constitutional defect. Waller also presented the alleged Fourth Amendment violation to the Supreme Court of Virginia in a Petition for Appeal which that Court refused. The claim is therefore exhausted. *See Sanders v. Reynolds*, 214 Va. 697, 700, 204 S.E. 2d 421, 424 (1974) (refusal of petition is a determination on the merits and satisfies the exhaustion requirement). However, because Waller had a full opportunity to litigate his Fourth Amendment claims in state court, he may not raise them by way of federal habeas review.

In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court held that Fourth Amendment claims arising from an alleged illegal search may not be relitigated in federal habeas proceedings if the defendant has had a full and fair opportunity to litigate the claims in state courts. *Boggs v. Bair*, 892 F. 2d 1193, 1199 (4th Cir. 1989); *Grimsley v. Dodson*, 696 F. 2d 303 (4th Cir. 1982). Here, Waller had several opportunities to litigate his Fourth Amendment claims. The trial court conducted an

evidentiary hearing on his trial attorney's motion to suppress the seized evidence. Immediately prior to entering a plea, Waller unsuccessfully moved the trial court to reconsider the motion to suppress. Following his conviction, Waller appealed the Fourth Amendment issue to the Court of Appeals, which issued a carefully-reasoned five-page opinion affirming the trial court's action. Finally, Waller's appellate counsel filed a petition for review with the Supreme Court of Virginia which was refused on August 5, 2009.

To raise the Fourth Amendment claim here, Waller's habeas petition would have to allege "the reasons he has, and the facts in support thereof, as to why he contends he did not" have a full and fair opportunity to litigate his claim of an illegal search at trial. *Doleman v. Muncy*, 579 F.2d 1258, 1266 (4th Cir. 1978). His current habeas petition does not allege that Waller did not have a full and fair opportunity to litigate in state court. Instead, it repeats the arguments he already made at trial and on direct appeal. Because the record reveals that Waller had ample opportunity to litigate his Fourth Amendment claims, ground one of the petition states no basis for federal habeas relief.

2. **The state court's finding that Waller's statements to police were voluntary, was not contrary to federal law or based on an unreasonable determination of the facts.**

Waller's second claim relates to the trial court's decision not to suppress incriminating statements he made to police at the time of his arrest. Waller asserts that his statements were

coerced by the officer's threats to jail his mother, and were therefore not voluntary.

This claim was also litigated before the trial court, prior to Waller's conditional plea. Waller also presented the claim to the Virginia Court of Appeals, and to the Supreme Court of Virginia. As a result, Claim 2 is properly exhausted.

In considering the merits of Claim 2, this court may not grant relief on any claim adjudicated on the merits by the state court unless that adjudication "resulted in a decision that was contrary to, or involved in unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. 2254(d)(1)-2; *Williams v. Taylor*, 529 U.S. 362, 376-77, 120 S. Ct. 1495, 1504 (2000). A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 412 - 13, 120 S. Ct. at 1523. A state court unreasonable applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. *Id.* at 413, 120 S. Ct. at 1523. Factual determinations made by state court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The Fifth Amendment's prohibition against self-incrimination bars admission of non-voluntary statements made by a criminal defendant, regardless of whether the statements were made when the defendant was in custody. *Beckwith v. United States*, 425 U.S. 341, 346, 96 S. Ct. 1612, 1616 (1976); *United States v. Braxton*, 112 F. 3d 777, 783 (4th Cir. 1997). To determine whether a statement was voluntarily made, courts must consider any evidence of "threats, violence, promises or other 'coercive' police activity with the ultimate question being one of whether the suspect's 'will has been overborne or his capacity for self-determination critically impaired.'" *Vines v. Johnson*, 569 F. Supp. 2d 579, 591 (E.D. Va. 2008) (quoting *United States v. Pelton*, 835 F. 2d 1067, 1071 (4th Cir. 1987). Statements which are freely and voluntarily made must not be suppressed. *Pelton*, 835 F. 2d at 1071.

At the suppression hearing prior to Waller's conditional guilty plea, he testified that his statements to officers admitting ownership of the gun recovered in his mother's residence were coerced by the officer's threats to jail his mother. (Tr. at 83-85). The officer accused of making the statement contradicted Waller's testimony (Tr. at 15-16). According to the officer, Waller voluntarily admitted ownership of the gun and volunteered additional information to prove that he was not covering for his mother. The officer testified as follows:

> I asked Mr. Waller – these are direct statements – "Is that your gun?" Mr. Waller said, "Yes." I told Mr. Waller, "I think you're lying to cover for your mom. If you're not lying to me, I need to know what kind of gun

9

it is." Mr. Waller stated, "It's a .40 caliber." I
asked Mr. Waller, "What kind?" He stated it was a High
Point .40 caliber.

(Tr. at 16).

The trial court resolved the apparent conflicts between Waller's testimony and that of the officer against Waller. Although the judge recognized that the officer may have discussed consequences of the contraband with Waller's mother and in front of Waller, she did not find this rose to the level of coercive conduct. (Tr. 178-79). In denying Waller's motion she adopted the officers' version of the conversation, explicitly stating "I do not believe that the officer stated [to] Waller that if he didn't confess his mother would go to jail . . . I do not believe that." (Tr. at 178). As a result, the trial judge ruled the statement was voluntary and admissible. (Tr. at 180). Prior to ruling, the trial judge provided a detailed explanation of her reasoning and the applicable law including citations to both Virginia and Fourth Circuit precedent. (Tr. 163-65, 177-80). Waller has identified no error in the trial judge's application of the law and the court's own review disclosed none. Neither was the trial court's resolution of facts unreasonable in light of the evidence before it. Accordingly, Ground 2 of Waller's federal habeas petition states no claim upon which relief may be granted.

3. **Waller's remaining claims related to the trial court's failure to suppress evidence are simultaneously exhausted and procedurally defaulted.**

Waller's final two claims also relate to the trial court's action in refusing to suppress evidence recovered during the

search of his residence. These two legal theories were not specifically articulated as separate error below and were therefore not "fairly presented" to the state's highest court for review.

Except in limited circumstances, failure to exhaust a claim will ordinarily result in the entire petition being dismissed without prejudice as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 102 F. Ct. 1198 (1982). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2). Because Waller would now be precluded from raising Claims 3 and 4 in a state habeas proceeding, they are both exhausted and defaulted.

A claim that has not been presented to the state's highest court may nevertheless be treated as exhausted if "it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." *Baker v. Corcoran*, 220 F. 3d 276, 288 (4th Cir. 2000). *See Gray v. Netherland*, 518 U.S. 152, 161, 116 S. Ct. 2074, 2080 (1986).

Waller's final two claims raise arguments related to the trial court's failure to suppress evidence, but not presented on direct appeal. If Waller were to attempt to raise these claims before the Supreme Court of Virginia now, that court would find the claims are procedurally barred. *Slayton v. Parrigan*, 215 Va. 27 (1974) (claims that could have been raised at trial and on direct appeal, but were not, are procedurally defaulted). As a

result, Wallers unexhausted claims are now simultaneously exhausted and procedurally barred from federal habeas review. *Teague v. Lane*, 489 U.S. 288, 297-99, 109 S. Ct. 1060, 1068 (1989), *See also, Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S. Ct. 2546, 2557 (1991); *Bassette v. Thompson*, 915 F. 2d 932, 937 (4th Cir. 1990) ("[W]hen it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded.").

Moreover, Claim 3 asserts the trial court erred by failing to suppress evidence obtained during the initial protective sweep. This is factually inaccurate. The trial court did conclude the first search was improper, but no evidence recovered during that search was relevant to Waller's pending prosecution. Waller's fourth claim merely reiterates a general Fourth Amendment plea with regard to the challenged consensual search which Waller had ample opportunity to litigate at trial. As a result, neither Claim 3 nor Claim 4 provide a basis for federal habeas relief.

## RECOMMENDATION

Waller's Fourth Amendment claims are not properly reviewable following his full opportunity to litigate in state court. The trial court's admission of his statement was not contrary to federal law or based on an unreasonable determination of the facts. The remaining claims are procedurally defaulted and Waller has presented no factual basis for excusing the default. Accordingly, the undersigned recommends that the respondent's motion to dismiss be granted

and Waller's petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied.

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

May 26, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Tyrone Lamont Waller, #0007767
Hampton Roads Regional Jail
P. O. Box 7609
Portsmouth, VA  23707-7609

Eugene Paul Murphy
Office of the Attorney General
900 E. Main Street
Richmond, VA  23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

_____ May 26 _____, 2010